```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION
```

| | |
|---|---|
| **BOOKER T. COLLOR,** | : |
| Plaintiff, | : CIVIL ACTION 06-00198-BH-B |
| v. | : |
| **WATKINS MOTOR LINES, INC.,** *et al.*, | : |
| Defendants. | : |

## ORDER

This action is before the Court on Defendants' Motion to Compel Discovery (Doc. 11), Defendants' Motion to Strike Plaintiff's Objections (Doc. 22), and Plaintiff's Motion for Extension of Discovery (Doc. 17). The undersigned conducted a discovery conference with counsel for the parties on January 29, 2007. Upon review of the parties' motions, the responses, and the representations of counsel during the discovery conference, the undersigned finds that Defendants' Motion to Compel Discovery and Motion to Strike Objections are due to be **GRANTED**, and Plaintiff's Motion for an Extension of Discovery is due to be **GRANTED in part.**

Plaintiff Booker T. Collor filed the instant action in March 2006 alleging that while acting as an agent/employee of Watkins Motors Lines, Inc., Defendant Wilbert J. Conway negligently operated his vehicle in such a manner that it collided with Plaintiff's vehicle, and caused injury to Plaintiff. Defendants

filed an Answer denying the substantive allegations of the Complaint, and on June 21, 2006, served on counsel for Plaintiff a set of Interrogatories and Request for the Production of Documents. On November 27, 2006, Defendants filed the pending Motion to Compel, wherein they asserted that despite repeated requests, Plaintiff's counsel failed to respond to Defendant's discovery requests, and as a result, had impeded discovery in this case. Subsequent thereto, Defendants filed a Motion to Strike Plaintiff's Objections, and asserted that while Plaintiff had finally provided responses to Defendants' discovery requests, Plaintiff objected to providing information regarding his prior injuries, claims and lawsuits, and any Hurricane Katrina related injuries, claims and lawsuits. Defendants argued that Plaintiff has waived his right to file any objections in the absence of a showing of good cause.

At the discovery conference, Plaintiff's counsel did not dispute Defendants' factual allegations, but instead argued that dismissal[1] was too drastic a remedy because Plaintiff's counsel, as opposed to Plaintiff, was responsible for the inaction in this case. Rule 37 of the <u>Federal Rules of Civil Procedure</u> provides that the Court may compel disclosure and may enter sanctions against individuals who fail to make disclosures or participate in

---

[1] In addition to the referenced motions, Defendants have also filed a Motion to Dismiss (Doc. 19), which is pending before Senior District Judge W.B. Hand. In their motion, Defendants seek the dismissal of this action based upon Plaintiff's failure to fulfill his discovery obligations and failure to prosecute this action.

discovery. The rule provides, in pertinent part, that:

> If the motion [to compel] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A). In the case sub judice, the evidence clearly establishes that Plaintiff and his counsel have failed to fulfill their discovery obligations, and that sanctions are appropriate. Plaintiff failed to timely respond to Defendants' discovery requests, and also failed to offer any reasonable explanation for his tardy responses, or for his failure to timely preserve any objections to the discovery responses. Accordingly, Defendants' Motion to Compel and Motion to Strike are **GRANTED.** Plaintiff and his counsel are hereby **DIRECTED** to supplement Plaintiff's discovery responses by providing full and complete responses to Defendants' discovery requests, and by submitting all responsive documents in Plaintiff's possession, custody or control no later than **February 12, 2007.** Additionally, Plaintiff is **DIRECTED** to submit to a deposition before any medical depositions are conducted.

With respect to sanctions, the undersigned notes that there is nothing in the record to indicate that Plaintiff's conduct contributed to the discovery problems in this case. As noted supra, Plaintiff's counsel acknowledged at the hearing that he alone was responsible for hampering discovery in this case; thus, he alone shall be responsible for the sanction imposed in this case. Plaintiff's counsel is **ORDERED** to reimburse Defendants for their reasonable expenses and attorney fees incurred in filing the discovery motions and participating in the discovery conference.[2] Defendants are **DIRECTED** to submit a Statement of Expenses and Attorney's Fees by **February 5, 2007**.

Plaintiff's and his counsel are cautioned that the failure to adhere to the Court directives and to their discovery obligations will result in the dismissal of this action.

Because Defendants' efforts to conduct discovery in this action have been impeded, the undersigned will enter an Amended Scheduling Order so that discovery can be completed.

DONE this **29th** day of **January, 2007.**

                                          /S/ Sonja F. Bivins
                                      **UNITED STATES MAGISTRATE JUDGE**

---

[2] Plaintiff's counsel is **DIRECTED** to forward a copy of this Order to his client.